Judge Buckner
delivered the opinion of the Court.
John Watson instituted an action of assumpsit in the Logan circuit court, against Richard Bojee, B. Roberts and Thomas Watson, for articles furnished by the defendant in error, to them as partners in iron works.
The capias, which was returnable to the May term, 1827, was served on the two former, but not on T. Watson.
At the November term, of that year, the plea of non-assumpsit was filed, commencing as follows:— “Boyce, &c. ads. Watson and the defendants, by their attorney, come, &.c.” which was joined, and the cause thereupon submitted to a jury. Before they retired to their room, the suit, on the motion of the defendant in error, was abated as to Thomas Watson; and a verdict in damages for $1263, and judgment thereon, were rendered for said J. Watson.
On the next day, on the motion of the officer who had served the capias, leave was given to him to amend his return thereon, which he did in open court, in the following w.ords: “Thomas Watson no inhabitant of this county,” to which Boyce and Roberts objected; because it changed the attitude of the parties, insisting that they, as partners, had a right to put in a plea for the defendant, T. Watson, and to have a joint trial with him.
Motions in arrest of judgment and for a new trial were successively made and overruled by the circuit court, and they have prosecuted this writ of error.
cess hasPbe¡n served upon Part oniy those against whomitissu-ed’ plea filed gTneraUy8'” ^innot be’ considered as plea of a*l °f them, aitho’ saed as part ners’
Return of »n.o inhabitant”" of the county, anabufp°nn? m* '
Upon the first motion, the following questions are presented for determination.
1st. When process has been served upon a part only, of those against whom it is issued, and a plea is filed for the defendants generally, without naming them, can it be considered as the plea of all of them?
~--
. . 2d. Was it erroneous to permit the officer to amend his return at the time he did so; and if it was not, does the amendment cure the error?
In answer to the first, it may be remarked, it has been more than once decided by this court, that it cannot be so considered. See the case of Cramp, &c. vs. Bennett, II. Lift. 214.
Whether one partner, upon whom process has been served, can enter an appearance for another, upon whom it has not been executed, is a question which the record does not present. If his power to do so, be never so undeniable, yet where there are three or more defendants, and two only have been brought before the court by the service of the process, such a plea as this cannot be construed into an appearance for those not served with process.
The plaintiffs in error, did not enter such an appearance. In their objections to the proposed amendment they claim the right to do that which they neither did, nor attempted to do. They have not complained that they were prevented from doing it.
As to the second point.
The case of Sneed vs Weister, &c. II. Marshall, 277, shews that in an action of assumpsit, a return of “no inhabitant’’ will authorize an abatement; and that judgment may be taken against such of the defendants as have been served with process. Tbatde-cisión seems to rest, not upon statutory provisions, but upon the principles of the common law; and may now be considered as the well established doctrine, as it has been since recognized in other cases. That the abatement was not warranted by any fact, which appeared to the court, at the time it was entered, is true; but the amendment shews, that Thomas Watson was not an inhabitant of Logan county. Had. the officer made this return in the first instance.. *500 which"be might have done according to the trulh of the case, the abatement would have been proper and or had tire plaintiffs in error objected to the order on that subject, the proof exhibited by the amendment might then have been firunished.
ff abatement has been ea-tered as to one of def’ts. before verdict permit'sheriff to amend bis return, after verdict and as£to°authorize the abate-
Oonfessionsof are noievi-’ 'deuce against his co-part-counTof each having been served with process, but on account of their unity as partners.
Acknow-tedgnment of one partner, concern1”of° partnership, are binding upon the others, though nolle prosequi has been entered as to party, whose admissions are introduced as evidence.
*500 The reasoning in the case above cited, of Sneed vs. Weislcr &c. page 204,seems to support this position. The.only alleged error then in relation to this point, for which the court is called upon to reverse the judgment of the circuit court, is, that the order of abatement preceded the amendment; and. should it be reversed, we should send back the cause, with disections to do (but in a different order) that which has been already done. ‘
. The plaintiffs in error have not been deprived ot any opportunity of defending themselves, upon any point, which they would have had, under a different order of presenting the motions in that court, as to the abatement and the amendment. The justice of ¡.jle ca e seems to have been attained, and we must not sacrifice it to the rigid observance of mere form and technicality,
Upon the motion for a new trial, the only grounds assumed, which it is deemed necessary to consider, were that the evidence of Thomas Watson’s conies-sions was improperly admitted, if he was no party to the suit, and that the verdict was against evidence. are °P'n'ons tuat neither can be sustained, The confessions of one partner are not admissablc as evidence against his co-partner, on account of having [)pen served wilh process; but of their unitv as part- ‘ .1 ners.
The acknowledgment of one partner, in relation to the concerns of the partnership are binding upon the others, although a nolle prosequi be entered against {(vc; party, 'w hose admissions arc introduced as evi-denee. See Gow on Partnership, 258, first American edition.
In same author, pages 260-261, it is said, “after a dissolution of partnership, the admission of one partner will be binding upon bis co-partners, if it relate to a transaction wliich -occurred during its continuance; although in matters which have subsequently *501 arisen, the admission of one partner is not evidence, to charge the other members of the firm.” Butin this case, the admissions proved, were made during the existence oí the partnership, and were received without objection.
Crittenden, for plaintiff; Mills and Brown, for defendant.
Upon the proof, as set forth in the bill of exceptions, we are of opinion, that the jury were justified in finding for the plaintiff.
The judgment' must be affirmed.
■Note. Judge Underwood did not sit in this case. Reporter.